### PINDELL *vs.* MULLIKIN ET AL.

A bill claiming title to, and praying for possession of, lands will be dismissed, if the complainant and those through whom he claims have taken no steps to assert their right for twenty years; the land being, all that time, in the adverse possession of the defendants and their ancestor.

Appeal from the Circuit Court of the United States for the district of Missouri.

This was a bill in equity brought in the Circuit Court of the United States for the district Missouri, by Richard Pindell, of Kentucky, against Napoleon B. Mullikin, Jerome B. Mullikin, Charles B. Wiggins, and Virginia, his wife, John R. Shepley, William H. McPherson, P. Dexter Tiffany, Samuel Willi, James Clements, jr., and David H. Armstrong, citizens of the State of Missouri.

The complainant prayed to have decreed to him fifty arpents of land in the neighborhood of St. Louis, and deduced his title from John R. Sloan, the sole heir and legal representative of one John Sloan, to whom the land claimed was alleged to have been conveyed by David Musick. The defendants had been in possession of it for more than twenty years before the filing of the bill.

John Sloan, the father of the plaintiff's grantor, died in 1818, without having recorded any deed from the previous owner to himself. It was supposed to have been lost as early as the death of Sloan. No steps were taken for forty years to assert any claim under it. According to the allegations of the bill, the representatives of Sloan knew all the time of his title to the land, yet-*they* commenced no suit at all, and their assignee only after a lapse of forty years. J. R. Sloan, the son under

*Pindell* vs. *Mullikin et al.*

whom appellant claimed title, came of age in 1834, and knew as early as 1838 that Mullikin claimed portions of the tract in controversy. It was alleged that he took professional advice on the subject in 1838, but it was not until twenty years after that time, and twenty-four years after he came of age, that any suit was instituted.

No counsel appeared for appellant.

*Mr. Shepley*, of Missouri, for appellees. Laches, much less flagrant than this, will prevent a court of equity from granting relief even in a clear case. 2 Story Eq. Jris., (7th ed.,) Sec. 1520, p. 889, note 4, and cases there cited; *Holt* vs. *Rogers*, (8 Peters, 420 et al.;) *Patte* vs. *Carroll*, (8 Cranch, 471;) *Moore* vs. *Blake*, (1 Ball & P., 69;) *Boone* vs. *Missouri Iron Co.*, (17 How., 340.)

Mr. Justice CATRON. Pindell filed his bill against the respondents and others, to have decreed to him, as assignee of John R. Sloan, fifty acres of land adjoining the city of St. Louis. The respondents rely on the act of limitations as a defence, (among others,) alleging that they have been in adverse possession of the land for which they are sued for more than twenty years before the suit was brought.

John R. Sloan became of age in 1834; the bill so alleges. The land was confirmed to the father of the respondents, under whom they claim as heirs, by the act of Congress of July 4th, 1836, and the bill was filed in January, 1857, more than twenty years after the legal title was vested by the confirmation.

The bill admits that Mullikin's heirs hold the legal title, and they prove that a division of the land confirmed took place among various owners, and that about ten arpents of it were allotted to Mullikin, the ancestor. This occurred in 1836; that immediately after the partition, Mullikin took possession of the land allotted to him, and he and his heirs have held it in possession ever since.

The claim set up by the bill is barred by twenty years' adverse possession. If, however, this defence was not conclusive

of the controversy, our opinion is, that no sufficient evidence that the contract alleged to have once existed is proved; and that the decree below dismissing the bill was also proper for want of proof to sustain its allegations.

*Decree of the Circuit Court affirmed.*